UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALFOUR BEATTY INFRASTRUCTURE, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>PB&A, INC., <br><br>　　　　Defendant. | Case No. 16-cv-01152-WHO <br><br> **ORDER GRANTING MOTION TO COMPEL PRODUCTION AND DENYING MOTION TO QUASH** <br><br> Re: Dkt. Nos. 30, 32 |

　　　　On May 18, 2016, defendant PB&A, Inc., served nonparty Arup North America, Ltd., with a subpoena *duces tecum*. On August 30, 2016, PB&A filed a motion to compel Arup to produce the requested materials, arguing Arup's initial production was inadequate. Motion to Compel (Dkt. No. 30). Arup responded by filing a Motion to Quash PB&A's Record Subpoena. (Dkt. No. 32).

　　　　At the hearing on October 5, 2016, I explained that the documents sought are obviously relevant to this action and seemingly important, the delay by Arup in responding of 4 and 1/2 months is unacceptable and threatens to impact the trial schedule in this case, and PB&A's unilateral refusal to meet and confer with Arup's counsel in August (who also clarified that Arup had produced some 1500 pages in seven PDFs, rather than seven documents, as PB&A had represented), was both inexcusable (notwithstanding the duration of the parties' communications) and self-defeating. I ORDERED that the parties immediately meet and confer on the 18th floor of this courthouse to agree on a plan for production, which they did.

　　　　For the reasons discussed at the hearing, PB&A's motion to compel is GRANTED and Arup's motion to quash is DENIED. Arup did not waive its objections or its ability to withhold documents based on privilege. Arup is ORDERED to produce the responsive materials, on a rolling basis if necessary, and a privilege log by the date I proposed that was subsequently agreed-to by the parties, October 31, 2016. Arup's request for an award of the attorney's fees it incurred in responding to the motion to compel is DENIED.

1    I decline to determine whether some portion of Arup's costs of production should be shifted to PB&A at this time. If a renewed request is made, in balancing proportionality I will consider several factors, including the actual cost of production, the efforts PB&A makes to accommodate legitimate concerns expressed by Arup, the materiality of the particular documents produced (particularly in light of the documents already produced in the PDFs), and the relative resources of the parties.

**IT IS SO ORDERED**.

Dated: October 6, 2016

WILLIAM H. ORRICK
United States District Judge