# EXHIBIT 1

6/20/16 10:32 pm

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
_Northern District of California
San Francisco Division

| | | |
|---|---|---|
| Balfour Beatty Infrastructure, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-01152-WHO |
| | ) | |
| PB&A, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    URS Corporation, an AECOM Company
c/o The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO  80202

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:         *See Attached Exhibit A to Subpoena to Produce*

| Place:   Kelly & Walker LLC | Date and Time:   July 5, 2016 @ 10:00 a.m. |
|---|---|
| 1512 Larimer Street, Suite 200 | |
| Denver, CO  80202 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/17/2016

*CLERK OF COURT*

                                                                OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant

PB&A, Inc. _____ , who issues or requests this subpoena, are:
Julie M. Walker, Kelly & Walker LLC, 1512 Larimer Street, Suite 200, Denver, CO  80202, tel: 720-236-1800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     3:16-cv-01152-WHO

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    URS, an AECOM Company

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO  80202

_____    on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### Exhibit A Subpoena to Produce to URS Corporation, an AECOM Company

### DEFINITIONS

A.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether oral, written, electronic or otherwise.

B.      The term "document" means any original, and all non-identical copies (whether different from the original because of additional notations or otherwise), whether in electronic, written, printed, typed, recorded or graphic form, however produced or reproduced, in the actual or constructive possession, custody, or control of Arup including, without limitation, all letters, memoranda, contracts, bills, invoices, photographs, photostats, photocopies, audio or video recordings, electronic data compilations, including computerized files, database records, "voice mail" or "phone mail" recordings, and "electronic mail" or "E-mail" messages, however stored, writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained or can be translated through detection devices into reasonably usable tangible form), correspondence, data, diaries, papers, communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, books, journals, ledgers, corporate records, accounts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things.

C.      "URS," "You" or "Your" means URS Corporation, an AECOM company, and its affiliates, agents, assigns, attorneys, employees or other representatives, including, but not limited to, Steven Brokken and his affiliates, agents, assigns, attorneys, employees or other representatives.

D.      "Project" means the San Francisco Transbay Transit Center.

E.      "PB&A" means PB&A, Inc. or Pirooz Barar & Associates, Inc., and its affiliates, agents, assigns, attorneys, employees or other representatives.

F.      "BBII" means Balfour Beatty Infrastructure, Inc., and its affiliates, agents, assigns, attorneys, employees or other representatives.

G.      "State Court Action" means the civil action styled *DND Construction v. Balfour Beatty Infrastructure, Inc., et al. and Balfour Beatty Infrastructure, Inc., Cross Complainant v. DND Construction, et al.,* Case No. CGC-12-525388, filed in the Superior Court, State of California, San Francisco, Civic Center Courthouse.

H.      "DRB" means the Dispute Resolution Board and its affiliates, agents, assigns, attorneys, employees or other representatives.

I.      Settlement Negotiations" means all conduct or statements by any person for the purpose of, or in the course of, or pursuant to negotiations arising out of or relating to the State Court Action, including, but not limited to, any mediation and/or settlement.

J.    "TJPA" means the Transbay Joint Power Authority, and its affiliates, agents, assigns, attorneys, employees or other representatives.

K.    "RFI" means and refers to a Request for Information.

L.    "Arup" means Arup North America Limited, and its affiliates, agents, assigns, attorneys, employees or other representatives.

M.    "CDSM Wall" means and refers to the Cement Soil Deep Mix Wall.

N.    "Litigation" means the civil action styled *Balfour Beatty Infrastructure, Inc. v. PB&A, Inc.,* Case No. 3:16-cv-01152-WHO pending in the United States District Court, Northern District of California, San Francisco Division.

## REQUESTS FOR PRODUCTION

Please produce the following documents, whether in physical or electronic form, or tangible things now in your possession, custody or control:

1.    All documents and/or communications from the Project relating to, referring to or discussing PB&A or PB&A's scope of work on the Project.

2.    All documents and/or communications relating to, referring to or discussing the State Court Actions and/or any related proceedings including the DRB or Settlement Negotiations.

3.    All documents and/or communications relating to, referring to or discussing your involvement with, or oversight of, PB&A's scope of work on the Project.

4.    All contracts governing your scope of work on the Project that pertained to your review and/or oversight of PB&A's work on the Project.

5.    All documents and/or communications relating to, referring to or discussing BBII's claims submitted to TJPA.

6.    All documents and/or communications relating to, referring to or discussing the application of the Temporary Bridge Specification, Section 01 53 13, to the Access Trestle design.

7.    All documents and/or communications relating to, referring to or discussing your review of PB&A's Access Trestle Design, including the preliminary design, post-bid design and proposed and accepted Fuse Design, review and comment on any submittals, RFIs or similar.

8.    All documents and/or communications relating to, referring to or discussing the use of discontinuous walers in the Internal Bracing design, including but not limited to any

review by URS of that aspect of the Internal Bracing design, review and comment on any submittals, RFIs or similar.

9.      All documents and/or communications relating to, referring to or discussing Arup Drawing GT-1111, dated December 10, 2010, in particular Note 11 which states: "Strut load reactions parallel to the shoring wall may be resisted by the soldier piles bearing on the hardened soil-cement mixture, provided the internal bracing system is connected to all soldier piles tributary to a given strut and that these connections are able to transfer the required forces to the soldier piles."

10.     All documents and/or communications relating to, referring to or discussing the cause of the leaks in the CDSM Wall, any evaluation of the cause of the leaks, and proposals, discussion or reference to proposed fixes of those leaks.

11.     All documents and/or communications demonstrating that the cause of the CDSM Wall leaks resulted from the use of discontinuous walers in the Internal Bracing design.

12.     Any/all meeting minutes where URS attended and any aspect of PB&A's design was discussed.

 **CT Corporation**

**Service of Process Transmittal**
06/20/2016
CT Log Number 529369613

**TO:**   Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel
AECOM
1999 Avenue of the Stars Ste 2600
Los Angeles, CA 90067-6033

**RE:**   **Process Served in Colorado**

**FOR:**   URS Corporation  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | balfour Beatty Infrastructure, Inc., Pltf. vs. PB&A, Inc., Dft. // To: URS Corporation |
| **DOCUMENT(S) SERVED:** | Subpoena, Notice(s), Attachment(s), Exhibit(s) |
| **COURT/AGENCY:** | United States district Court for the Northern District of California - San Francisco Division, CA<br>Case # 316CV01152WHO |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to All documents and/or communications from the Project relating to, referring to or discussing PB&A or PB&A's scope of work on the Project (Please see document for additional requests) |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/20/2016 at 10:32 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | 07/05/2016 at 10:00 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Julie M. Walker<br>Kelly & Walker LLC<br>1512 Larimer Street<br>suite 200<br>Denver, CO 80202<br>720-236-1800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/21/2016, Expected Purge Date: 06/26/2016 |
| | Image SOP |
| | Email Notification,  Laura Abrahamson  Laura.abrahamson@aecom.com |
| | Email Notification,  Jacquie Collins  Jacquie.Collins@aecom.com |
| | Email Notification,  Angela Gill  Angela.Gill@aecom.com |
| | Email Notification,  Laura Abrahamson  Laura.abrahamson@aecom.com |
| | Email Notification,  Ivana Cingel  Ivana.Cingel@aecom.com |
| **SIGNED:** | The Corporation Company |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
06/20/2016
CT Log Number 529369613

**TO:**   Laura Abrahamson, Sr. Vice President & Asst. Gen. Counsel
AECOM
1999 Avenue of the Stars Ste 2600
Los Angeles, CA 90067-6033

**RE:**   **Process Served in Colorado**

**FOR:**   URS Corporation  (Domestic State: NV)

**ADDRESS:**              1675 Broadway
Suite 1200
Denver, CO 80202
**TELEPHONE:**         855-483-2021.

Page 2 of  2 / HP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.